RULEY, JUDGE:
Claimant was employed by the town of Chapmanville, in Logan County, to design water and sewer facilities which were to be advertised for bids in December, 1968. In early November, 1968, claimant obtained a copy of the plans for Corridor G of the Appalachian Highway, from which it was readily apparent that it would be necessary to redesign the water and sewer facilities for Chapmanville. Rather than waiting for authorization of that work by the federal Bureau of Public Roads which finally, on January 24, 1969, was given, the claimant proceeded with the redesign work for which it seeks an award of $13,755.00. The defense is based upon Bureau of Public Roads Policy and Procedure Memorandum 30-4, par. 3d, which provides, in part:
“d. Where the advance installation of new utility facilities, crossing or otherwise occupying the proposed right-of-way of a future planned highway project, is either underway, or scheduled to be underway, prior to the time such right-of-way is purchased by or under control of the State, arrangements should be made for such facilities to be installed in a manner that will meet the requirements of the future planned highway project. Federal funds are eligible to participate in the additional costs incurred by the utility that are attributable to and in accomodation of the planned highway project, provided such costs are incurred subsequent to authorization of the work by the division engineer.***” (emphasis supplied)
*382 In sum, the respondent asserts that, since the claimant performed the work prior rather than subsequent to authorization by the division engineer, it is not entitled to payment from the respondent. However, in a letter dated June 19, 1969, from W. S. Ritchie, Jr., then the State Road Commissioner, to the division engineer of the Bureau of Public Roads, Commissioner Ritchie stated:
“Since authorization to proceed was finally received and the work was performed, completely documented and is satisfactory, the time limitation should be waived. A definite period of time was required to complete the redesign work regardless of a specific starting date and the cost is under the estimate provided.”
The facts quoted from that letter bring into stark relief the technical nature of the defense. “Let Chapmanville pay” is suggested but why should Chapmanville pay for work which was occasioned solely by action of the respondent? It is undisputed that the claimant performed the work in good conscience and, if the standard of equity and good conscience delineated in West Virginia Code §14-2-13, is applied, the award which is sought in this claim must be granted.
Award of $13,755.00.